UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

GEORGE E. HARRIS,

                            Plaintiff,

      - vs -                                    6:05-CV-1090
                                                       (DNH)(GHL)
DAVID M. GIGLIO; and  SHERYL M. CRANKSHAW,

                            Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

GEORGE E. HARRIS
Plaintiff, *pro se*

DAVID N. HURD, District Judge

### DECISION & ORDER

#### I. BACKGROUND

    Presently before the Court is a civil rights complaint filed by George E. Harris ("Plaintiff").[1] Dkt. No. 1. Plaintiff, who is incarcerated at Marcy Correctional Facility, also filed an application to proceed *in forma pauperis*. Dkt. No. 2.

    In his complaint, Plaintiff apparently alleges that Defendant Attorney David M. Giglio, who was his court-appointed appellate counsel, failed to attend the oral argument of Plaintiff's appeal because he was engaged in a "fee dispute" with the Appellate Division.[2] Dkt. No. 1, Complaint at p.4. Plaintiff alleges that in response, he filed a complaint against Defendant Giglio with the Attorney Grievance Committee ("Committee"). *Id.* at p.5. Plaintiff claims that Defendant Sheryl M. Crankshaw, a Committee Investigator,

---

[1] Plaintiff also filed another action in this District, 9:05-CV-1049.

[2] In his complaint, Plaintiff appears to refer to Defendant Giglio as "Defendant A" and Defendant Crankshaw as "Defendant B."

denied an investigation into the allegations contained in his complaint; however this determination was allegedly overturned and a full investigation was conducted. *Id.* at pp.7-8. Plaintiff further claims that the Committee subsequently issued a letter of admonition to Defendant Giglio. *Id.* at p.8. For a complete statement of Plaintiff's claims, reference is made to the complaint. *See* Dkt. No. 1.

## II. DISCUSSION

Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis* is a two-step process. First, the Court must determine whether the plaintiff may proceed with the action without pre-paying, in full, the $250.00 filing fee. The Court must then consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.SC. 1915A(b).

In the present case, the Court finds that Plaintiff's financial status would qualify him to file or "commence" this action without pre-paying the $250.00 filing fee. However, Plaintiff failed to submit an authorization form. Under the Local Rules of Practice, a prisoner wishing to proceed *in forma pauperis* must submit both a signed, fully completed, and properly certified *in forma pauperis* application and an authorization form. L.R. 5.4(b)(1). Therefore, Plaintiff may not proceed *in forma pauperis* because he failed to submit an authorization form.

Turning to the second inquiry, pursuant to 28 U.S.C. § 1915(e), the court shall dismiss the case at any time if the court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Thus, there is a responsibility on the Court to determine whether a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action in forma pauperis. *Id.*; *see also* 28 U.S.C. § 1915A(b)(1).

Plaintiff has commenced this action pursuant to 42 U.S.C. § 1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

### A. Defendant Giglio

Plaintiff has sued his former court-appointed appellate counsel, Defendant Giglio, for allegedly failing to attend the oral argument of his appeal. A plaintiff cannot hold a defendant liable under § 1983 unless he can establish that the defendant acted under color of state law. *See* 42 U.S.C. § 1983; *see also Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983). It is the plaintiff's duty to allege that the defendant acted under color of state law, and if a plaintiff fails to plead that element of his claim, a court may dismiss an action under 28 U.S.C. § 1915(e). *See, e.g., Giannini v. Pearson et al.*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y. Dec. 28, 1995), *appeal dismissed* (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club*, 628 F.Supp. 1253, 1256 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint in which the plaintiff failed to allege state action by defendants) (citations omitted). It is well established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendants do not act "under color of state law;" and therefore are not subject to suit under § 1983. *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (other citation omitted)). Accordingly, Plaintiff's claims against Defendant Giglio must be dismissed because Defendant Giglio, as Plaintiff's

former court-appointed attorney, did not act under color of state law and is not subject to suit under § 1983.

### B. Defendant Crankshaw

Plaintiff also sued Defendant Crankshaw, a Committee Investigator, who allegedly denied an investigation into the allegations contained in the complaint filed by Plaintiff. Under the doctrine of quasi-judicial immunity, absolute immunity extends to administrative officials performing discretionary acts of a judicial nature. *Sassower v. Mangano*, 927 F.Supp. 113, 120 (S.D.N.Y. 1996), *aff'd,* 122 F.3d 1057 (2d Cir. 1997) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (other citations omitted)). Quasi-judicial immunity bars claims against state bar disciplinary committee members because state bar disciplinary proceedings are clearly judicial in nature. *Id.* (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-34 (1982); *Klapper v. Guria*, 582 N.Y.S.2d 892, 895 (N.Y. 1992) (quasi-judicial immunity bars action against counsel to state bar disciplinary committee and its members for prosecution and adjudication of disciplinary petition)). Here, Plaintiff is asserting claims against Defendant Crankshaw for her alleged actions taken as an Investigator for the Committee. However, these claims must be dismissed because such claims are barred by quasi-judicial immunity.

### III. CONCLUSION

For the foregoing reasons, the Court finds that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

WHEREFORE, it is hereby

ORDERED, that Plaintiff's complaint (Dkt. No. 1) is DISMISSED for failure to state a claim upon which relief may be granted, and it is further

ORDERED, that leave for Plaintiff to commence this action *in forma pauperis* is DENIED, and it is further

ORDERED, that the Clerk serve this Order on Plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 20, 2005
       Utica, New York.